# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 20-cv-03202-RM-STV

JAMES ARTHUR FAIRCLOTH,

     Plaintiff,

v.
*See*
CDOC,
CDOC EXECUTIVE DIRECTOR DEAN WILLIAMS,
BVCC WARDEN JASON LENGERICH,
BVCC M.S.A. JERE HAMMER, and
CHIEF MEDICAL OFFICER – CDOC DR. MAUL,

     Defendants.

---

## ORDER

---

This matter is before the Court on several motions Plaintiff recently filed. These motions generally relate to Plaintiff's "Motion for Emergency T.R.O/Injunctive Relief" (the "Motion") (ECF No. 23). The Court denied the motion for TRO but deferred ruling on the motion for preliminary injunctive relief until it was fully briefed. (ECF No. 24.) In addition, the Court allowed what remained of the Motion to be supplemented.[1] (ECF No. 33.) The Court finds no further briefing on these motions is necessary before ruling, *see* D.C.COLO.LCivR 7.1(d), and addresses them in turn. In doing so, the Court is mindful Plaintiff proceeds *pro se* and construes his filings liberally. Nonetheless, the Tenth Circuit has "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citation omitted).

---

[1] For clarification, as the motion for TRO had already been denied, only that portion which remains – the motion for preliminary injunctive relief – can be supplemented.

*Plaintiff's "Motion for Leave to File Supplementation to the Original Complaint Pursuant to F.R.C.P. 15(d)" (ECF No. 42):* Because the Court previously granted Plaintiff leave to supplement by Order dated December 22, 2020 (ECF No. 33), this motion is denied as moot and Plaintiff's "Supplemental Pleadings Pursuant to 15(d) Fed. R. Civ. P.; D.C.Colo.LCivR 15.1(b) and Judge Moore's Pract. Standards" (the "Supplemental Pleading") (ECF No. 40) is accepted as filed.

*Plaintiff's "Motion to Court to Take Judicial Notice of his Supplemented Factual Settlement Offer to Defendants" (ECF No. 43)*: Plaintiff states this motion is to put the Court on notice that he made a settlement offer to Defendants. Plaintiff cites to no legal authority, and the Court is aware of none, showing it should take judicial notice of Plaintiff's offer to settle with Defendants. Accordingly, this motion is denied.

*Plaintiff's "Motion to have Court Order the Court Clerk to Serve Documents to Defendants by ECF, for Cause" (ECF No. 44)*: Here, Plaintiff requests the Court to have the Clerk serve Defendants copies of this motion (ECF No. 44) and three other recent filings (ECF Nos. 42, 40, 41). Because the Clerk has already sent notice of these filings to Defendants through the court's Electronic Case Filing (ECF) system, Plaintiff's motion is denied as moot. Plaintiff, however, is notified that when the court receives his paper filings, the court will automatically send notice of such filings to Defendants.

*Plaintiff's "2nd Motion for Extension of Time Surrounding Supplemental Pleading and Injunction" (ECF No. 46):* Plaintiff seeks another motion for extension of time to supplement his motion for a temporary restraining order and preliminary injunction (ECF No. 23), with a

proposed supplement (ECF No. 47) that mirrors his earlier supplement (ECF No. 41).[2] Because

the Court has already granted Plaintiff leave once to supplement, Plaintiff has already

supplemented, and Plaintiff's proposed second supplement is essentially the same as his first

supplement, the Court finds no good cause or sufficient grounds to grant another

supplementation. Accordingly, this motion is denied, and the supplement found at ECF No. 47 is

stricken.

       *Plaintiff's "Motion for Forthwith Hearing on Status; and Separate T.R.O., and*

*Transfer from CDOC to Federal Custody under Civil Orders" (ECF No. 48)*: In this motion,

Plaintiff alleges he is being harassed and retaliated against for exercising his constitutional rights.

Thus, Plaintiff requests a temporary restraining order: (1) to place him in federal custody to serve

out the remainder of his term, prohibit all DOC employees from harassing him, and allow him to

receive access to a COVID-19 vaccine; or (2) to place him on emergency parole. Upon review of

this motion, all requests are denied.

       First, Plaintiff fails to set forth why a status hearing is necessary, and the Court finds it is

not. Thus, Plaintiff's request for a status hearing is denied.

       Second, to the extent Plaintiff seeks a temporary restraining order on the basis of

harassment and retaliation he fails to set forth the standards for granting such relief – of which he

is well aware[3] – and show how he has met those standards. *See Wiechmann v. Ritter*, 44 F. App'x

346, 347 (10th Cir. 2002) (applying same standard for TRO and preliminary injunction); *Diné*

*Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016)

(setting forth requirements for injunctive relief). Accordingly, Plaintiff's request for a temporary

---

[2] Further, the Court notes that Plaintiff's first supplement (ECF No. 41) is dated December 21, 2020 and his second supplement (ECF No. 47), which is being stricken, is dated December 16, 2020. Thus, Plaintiff's most recent supplement will be considered in evaluating his request for a preliminary injunction.

[3] Plaintiff has already filed one combined motion for temporary restraining order ("TRO") and preliminary injunction. (ECF No. 23.) As stated, the Court has denied that Motion to the extent it sought a TRO but deferred ruling on the request for preliminary injunction, allowing Plaintiff to supplement the Motion as to the deferred issue.

restraining order is also denied.

**Plaintiff's "Request for Webex Hearings to [Discuss] the T.R.O." (ECF No. 51)**:

Plaintiff's request here is unclear as it appears he is making an offer to Defendants. Specifically,

Plaintiff references a settlement in the state court action of *Winston v. Polis*, 20cv31823, of

which he states he is a putative class member. However, Plaintiff asserts he wishes to "depend"

on this case before this Court unless Defendants can guarantee his release under the *Winston*

settlement or settle the case at hand. Plaintiff closes with a request for a Webex hearing on the

matter with the Court, the DOC, the Attorney General's office, and the parole board.

Plaintiff fails to show any hearing is necessary or should be held. First, based on the

caption, to the extent Plaintiff seeks a hearing on his recent motion for a TRO (ECF No. 48), that

motion has been denied. Therefore, no hearing is necessary. Second, to the extent Plaintiff seeks

a hearing to discuss any settlement he wishes to negotiate with Defendants, the Court does not

hold hearings for parties to discuss settlement. The parties, of course, are free to discuss

settlement among themselves or to engage in alternative dispute resolution proceedings.

Accordingly, the motion is denied.

**Plaintiff's "Summary in Interim of Supplemental Fact to Complaint" (ECF No. 52)**:

Plaintiff's summary is dated December 17, 2020 and seeks to advise the Court of the availability

of the Pfizer vaccine. Because Plaintiff has already provided a supplement dated December 21,

2020, addressing the Pfizer vaccine, this interim supplement is hereby stricken.

**Plaintiff's "Motion for Court to Notice 'No Access to Copy Machine'" (ECF No. 53)**:

Plaintiff alleges he has no access to the law library or the copy machine. Plaintiff therefore

requests the court to serve Defendants with "the latest papers." As the Court stated above, when

the court receives Plaintiff's paper filings, the court will automatically send notice of such filings

to Defendants. And, Defendants have received notifications of all of Plaintiff's filings in the record. Accordingly, this request is denied as moot.

***Plaintiff's "Amended Request/Petition for Court's T.R.O." (ECF No. 54):*** In this motion, Plaintiff seeks to amend his motion for TRO. However, as Plaintiff recognizes, his request for a TRO was denied. (*See* ECF No. 41, pp. 8-9, where Plaintiff stated the Court denied Plaintiff's request for a TRO but deferred his request for preliminary injunction). Thus, that part of his motion cannot be amended. Moreover, this amended request is dated December 17, 2020 but the Court has allowed Plaintiff to file a more recent, and lengthier, supplement dated December 21, 2020 (ECF No. 41). Accordingly, this amended request is denied.

***Summary.*** Based on the foregoing, it is **ORDERED**

(1)     That Plaintiff's Motion to file supplemental pleading (ECF No. 42) is DENIED AS MOOT;

(2)     That Plaintiff's Supplemental Pleading (ECF No. 40) is accepted as filed and the Clerk shall link this filing with the original complaint (ECF No. 1);

(3)     That Plaintiff's Motion to take judicial notice (ECF No. 43) is DENIED;

(4)     That Plaintiff's Motion for clerk to serve Defendants (ECF No. 44) is DENIED AS MOOT;

(5)     That Plaintiff's Second Motion for Extension of Time (ECF No. 46) is DENIED;

(6)     That Plaintiff's Supplement (ECF No. 47) is STRICKEN;

(7)     That Plaintiff's Motion for Forthwith Hearing and Separate T.R.O. (ECF No. 48) is DENIED;

(8)     That Plaintiff's Request for Webex hearing (ECF No. 51) is DENIED;

(9)     That Plaintiff's Summary of supplemental facts (ECF No. 52) is STRICKEN;

(10)    That Plaintiff's Motion for the court to take notice (ECF No. 53) is DENIED AS

MOOT;

(11)    That Plaintiff's Amended Request (ECF No. 54) is DENIED;

(12)    That, on or before **February 9, 2021**, Defendants shall respond to the motion for

preliminary injunctive relief (ECF Nos. 22, 23) as supplemented at ECF No. 41;

and

(13)    That Defendants' Motion for Extension of Time (ECF No. 57) is DENIED AS

MOOT.

DATED this 19th day of January, 2021.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge

6