**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-03202-RM-STV

JAMES ARTHUR FAIRCLOTH,

      Plaintiff,

v.

CDOC,
CDOC EXECUTIVE DIRECTOR DEAN WILLIAMS,
BVCC WARDEN JASON LENGERICH,
BVCC M.S.A. JERE HAMMER, and
CHIEF MEDICAL OFFICER – CDOC DR. MAUL,

      Defendants.

---

## ORDER

---

This matter is before the Court on the following matters: (1) Plaintiff's "Motion to Bring

in [6th] Sixth Party Defendant for Cause & Remedy" (ECF No. 68) with tendered proposed

amended complaint (ECF No. 69); (2) Plaintiff's "Motion for Emergency Injunction/T.R.O.,

against Added Party – Governor Jared Polis" (ECF No. 70); and (3) Plaintiff's "Motion for Court

to Order ECF Service to Defendants" (ECF No. 71) (collectively, "Motions"). The Court finds

no response to the Motions is required before ruling, *see* D.C.COLO.LCivR 7.1(d) ("Nothing in

this rule precludes a judicial officer from ruling on a motion at any time after it is filed."), and

addresses them in turn.

***Pro Se Party.*** The Court construes Plaintiff's filings liberally because he proceeds *pro se*.

*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not

serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009),

and Plaintiff is required to follow the same procedural rules as counseled parties. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citation omitted)).

   ***The Motion to Bring In Jared Polis as Defendant.*** With leave of the Court, Plaintiff has already supplemented his complaint. (*See* ECF Nos. 33, 40, 58.) Plaintiff now seeks leave to amend his complaint to add Governor Polis as an additional defendant, which also includes additional allegations against Defendant Williams. Plaintiff seeks to do so by filing an amendment with only such additions.

   The Court's review of the record indicates Plaintiff may amend as a matter of course as the currently named Defendants have not yet answered or filed a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). Nonetheless, the Court finds Plaintiff's proposed method of doing so is improper because an "amended complaint, as the operative complaint, supersedes the original complaint's allegations." *May v. Segovia,* 929 F.3d 1223, 1229 (10th Cir. 2019) (italics omitted); *see also Carr v. Zwally,* 760 F. App'x 550, 552 (10th Cir. 2019) ("It is well established that an amended  complaint ordinarily supersedes the original and renders it of no legal effect." (brackets omitted) (quoting *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991)). Therefore, if Plaintiff wishes to amend his complaint, which currently includes a supplemental pleading, his amended complaint should include all allegations set forth in his original complaint, his supplemental pleading, and his proposed amendment as to Governor Polis. (*See* ECF Nos. 1, 40, and 69.) Accordingly, Plaintiff's motion to amend is denied without prejudice.

***The Motion for Emergency Injunctive Relief.*** Plaintiff's motion here seeks declaratory and injunctive relief against Governor Polis. But, Governor Polis has not been added as a party to this action; therefore, Plaintiff's motion for emergency relief is denied without prejudice.

***The Motion to Serve Defendants.*** Plaintiff requests the Court to serve Defendants with his filings. But, the Court has previously notified Plaintiff that when the court receives his paper filings, the court will automatically send notice of such filings to Defendants. (*See* ECF No. 58, p. 2.) And, the court has done so here – it has sent notice of Plaintiff's recent filings to Defendants.[1] Accordingly, this motion is denied as moot.

Based on the foregoing, the Court **ORDERS** as follows:

(1) That Plaintiff's "Motion to Bring in [6th] Sixth Party Defendant for Cause & Remedy" (ECF No. 68) with tendered proposed amended complaint (ECF No. 69) is DENIED WITHOUT PREJUDICE;

(2) That Plaintiff's "Motion for Emergency Injunction/T.R.O., against Added Party – Governor Jared Polis" (ECF No. 70) is DENIED WITHOUT PREJUDICE; and

(3) That Plaintiff's "Motion for Court to Order ECF Service to Defendants" (ECF No. 71) is DENIED AS MOOT.

DATED this 2nd day of March, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[1] Of course, the court sends notice only to those Defendants who have been served and are parties.